1

2

3

4

5

6

7

8                       **UNITED STATES DISTRICT COURT**

9                       **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   CARL BURKE,                              Civil No.    10-0927 LAB (PCL)

12                               Petitioner,
                                              **ORDER DISMISSING CASE**
13                       v.                   **WITHOUT PREJUDICE**

14   TERRI GONZALES,

15                               Respondent.

16          Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas

17   Corpus pursuant to 28 U.S.C. § 2254.

18                    **FAILURE TO SATISFY FILING FEE REQUIREMENT**

19          Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma

20   pauperis.  Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee

21   or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice.

22   See Rule 3(a), 28 U.S.C. foll. § 2254.  If Petitioner wishes to proceed with this case, he must

23   submit, **no later than July 2, 2010,** a copy of this Order with the $5.00 fee or with adequate

24   proof of his inability to pay the fee.

25                       **FAILURE TO NAME A PROPER RESPONDENT**

26          Review of the Petition reveals that Petitioner has failed to name a proper respondent.  On

27   federal habeas, a state prisoner must name the state officer having custody of him as the

28   respondent.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28

1  U.S.C. foll. § 2254).  Federal courts lack personal jurisdiction when a habeas petition fails to

2  name a proper respondent.  *See id.*

3       The warden is the typical respondent.  However, "the rules following section 2254 do not

4  specify the warden."  *Id.*  "[T]he 'state officer having custody' may be 'either the warden of the

5  institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal

6  institutions.'"  *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).  If "a

7  petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall

8  be the state officer who has official custody of the petitioner (for example, the warden of the

9  prison).'"  *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

10       A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of]

11  habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody.  The

12  actual person who is [the] custodian [of the petitioner] must be the respondent."  *Ashley v.*

13  *Washington*, 394 F.2d 125, 126 (9th Cir. 1968).  This requirement exists because a writ of

14  habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the

15  body" if directed to do so by the Court.  "Both the warden of a California prison and the Director

16  of Corrections for California have the power to produce the prisoner."  *Ortiz-Sandoval,* 81 F.3d

17  at 895.

18       Here, Petitioner has incorrectly named "Terri Gonzales," as Respondent.  In order for this

19  Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of

20  the state correctional facility in which Petitioner is presently confined or the Director of the

21  California Department of Corrections. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir.

22  1992) (per curiam).

23       **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

24       Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner

25  has failed to allege that his state court conviction or sentence violates the Constitution of the

26  United States.  Title 28, United States Code, § 2254(a), sets forth the following scope of review

27  for federal habeas corpus claims:

28                 The Supreme Court, a Justice thereof, a circuit judge, or a district
               court shall entertain an application for a writ of habeas corpus in

1    behalf of a person in custody pursuant to the judgment of a State
     court only on the ground that he is in custody in <u>violation of the</u>
2    <u>Constitution or laws or treaties of the United States.</u>

3    28 U.S.C. § 2254(a) (emphasis added).  *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir.

4    1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800

5    F.2d 1463, 1464-65 (9th Cir. 1986).  Thus, to present a cognizable federal habeas corpus claim

6    under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of

7    a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the

8    United States."  *See* 28 U.S.C. § 2254(a).

9    Here, Petitioner asks "the mercy of the courts" to reduce his sentence. (Pet. at 3.)  In no

10   way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of

11   the United States."  28 U.S.C. § 2254.

12   **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

13   Further, the Court notes that Petitioner cannot simply amend his Petition to state a federal

14   habeas claim and then refile the amended petition in this case.  He must exhaust state judicial

15   remedies before bringing his claims via federal habeas.  State prisoners who wish to challenge

16   their state court conviction must first exhaust state judicial remedies.  28 U.S.C. § 2254(b), (c);

17   *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial remedies, a

18   California state prisoner must present the California Supreme Court with a fair opportunity to

19   rule on the merits of every issue raised in his or her federal habeas petition.  <u>See</u> 28 U.S.C.

20   § 2254(b), (c); *Granberry*, 481 U.S. at 133-34.  Moreover, to properly exhaust state court judicial

21   remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights

22   have been violated.  The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned:

23   "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal

24   rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the</u>

25   <u>United States Constitution</u>."  *Id.* at 365-66 (emphasis added).  For example, "[i]f a habeas

26   petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the <u>due</u>

27   <u>process of law guaranteed by the Fourteenth Amendment</u>, he must say so, not only in federal

28   court, but in state court."  *Id.* (emphasis added).

1        Nowhere on the Petition does Petitioner allege that he raised his claims in the California

2  Supreme Court.  If Petitioner has raised his claims in the California Supreme Court he must so

3  specify.  "The burden of proving that a claim has been exhausted lies with the petitioner."

4  *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*, 134 F.3d 615, 619

5  (4th Cir. 1998);  *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997);  *Oyler v. Allenbrand*,

6  23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

7        Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective

8  Death Penalty Act of 1996 (Act), signed into law on April 24, 1996, a one-year period of

9  limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant

10  to the judgment of a State court.  The limitation period shall run from the latest of:

11                (A) the date on which the judgment became final by the
              conclusion of direct review or the expiration of the time for seeking
12              such review;

13                (B) the date on which the impediment to filing an application
              created by State action in violation of the Constitution or laws of the
14              United States is removed, if the applicant was prevented from filing
              by such State action;
15
                (C) the date on which the constitutional right asserted was
16              initially recognized by the Supreme Court, if the right has been
              newly recognized by the Supreme Court and made retroactively
17              applicable to cases on collateral review; or

18                (D) the date on which the factual predicate of the claim or
              claims presented could have been discovered through the exercise
19              of due diligence.

20  28 U.S.C. § 2244(d)(1)(A)-(D) (West Supp. 2002).

21        The Court also notes that the statute of limitations does not run while a properly filed <u>state</u>

22  habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003,

23  1006 (9th Cir. 1999).  *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an

24  application is 'properly filed' when its delivery and acceptance [by the appropriate court officer

25  for placement into the record] are in compliance with the applicable laws and rules governing

26  filings.").  However, absent some other basis for tolling, the statute of limitations does run while

27  a <u>federal</u> habeas petition is pending.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

28  / / /

1

**CONCLUSION**

2          Accordingly, the Court **DISMISSES** the Petition without prejudice due to Petitioner's

3    failure to satisfy the filing fee requirement, failure to name a proper respondent, failure to state

4    a cognizable federal claim and failure to allege exhaustion of state judicial remedies.  To have

5    this case reopened, Petitioner must file a First Amended Petition **no later than July 2, 2010** in

6    conformance with this Order.  *For Petitioner's convenience, the Clerk of Court shall attach to*

7    *this Order a blank First Amended Petition form and a blank Southern District of California In*

8    *Forma Pauperis Application.*

9          **IT IS SO ORDERED.**

10   DATED:  __5-5-10_____     _____

11                                             Larry Alan Burns
                                               United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28