UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL BURKE,<br><br>　　　　　　　　　　Petitioner,<br><br>　　　　v.<br><br>TERRI GONZALES, et al.,<br><br>　　　　　　　　　　Respondents. | Civil No.　　10cv0927-LAB (PCL)<br><br>**ORDER:**<br><br>**(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**(2) DISMISSING FIRST AMENDED PETITION WITHOUT PREJUDICE** |

On April 23, 2010, Petitioner, a state prisoner proceeding pro se, submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, but neither paid the filing fee nor filed a motion to proceed in forma pauperis. (Doc. No. 1.) On May 6, 2010, this Court dismissed the Petition because Petitioner had failed to satisfy the filing fee requirement, had failed named a proper respondent, had failed to state a cognizable federal claim, and had failed to allege exhaustion of state court remedies. (Doc. No. 2.) Petitioner was notified that in order to have his case reopened he was required to either pay the filing fee or submit an application to proceed in forma pauperis and file a First Amended Petition which cured the pleading defects on or before July 2, 2010. (Id.)

Petitioner has now filed a First Amended petition along with an application to proceed in forma pauperis. (Doc. Nos. 3-4.) Although the Court grants the application to proceed in forma pauperis, the First Amended Petition is subject to dismissal because Petitioner has once

again failed to allege exhaustion of state judicial remedies. Petitioner will be allowed a final opportunity to amend in order to cure this pleading defect.

## MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner has no funds on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security.

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Id. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." Id. at 366 (emphasis added).

As with his original Petition, nowhere in the First Amended Petition does Petitioner allege that he raised his claims in the California Supreme Court. Rather, Petitioner indicates that he has not presented claims one and four to the state supreme court, and is silent regarding whether he has presented claims two and three to that court. (See Pet. at 6-9.) Petitioner was informed in the Court's previous Order of dismissal that if he has raised his claims in the California

1 | Supreme Court he must so specify because the burden of proving that a claim has been
2 | exhausted lies with Petitioner. <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir. 1981).
3 |       Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a
4 | habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the
5 | petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here,
6 | it appears plain from the First Amended Petition that Petitioner is not presently entitled to federal
7 | habeas relief because he has not alleged exhaustion of state court remedies.

## CONCLUSION AND ORDER

9 |     Based on the forgoing, the Court **GRANTS** Petitioner's motion to proceed in forma
10 | pauperis and **DISMISSES** the First Amended Petition due to Petitioner's failure to allege
11 | exhaustion of state judicial remedies. If Petitioner wishes to proceed with this action he must
12 | file a Second Amended Petition which cures this pleading defect on or before **July 2, 2010**.
13 | Petitioner is cautioned that if he fails to allege exhaustion of state judicial remedies on or before
14 | that date, and he still wishes to pursue his claims in this Court on federal habeas, he will be
15 | required to file a new habeas petition which will be given a new civil case number.
16 | **IT IS SO ORDERED.**

18 | DATED: May 27, 2010

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge