UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL BURKE,<br><br>         Petitioner,<br><br>  v.<br><br>TERRI GONZALES, et al.,<br><br>         Respondents. | Civil No.  10cv0927-LAB (PCL)<br><br>**ORDER DISMISSING SECOND AMENDED PETITION WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND** |

   On April 23, 2010, Petitioner, a state prisoner proceeding pro se, submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, but neither paid the filing fee nor filed a motion to proceed in forma pauperis. (Doc. No. 1.) On May 6, 2010, this Court dismissed the Petition because Petitioner had failed to satisfy the filing fee requirement, had failed named a proper respondent, had failed to state a cognizable federal claim, and had failed to allege exhaustion of state court remedies. (Doc. No. 2.) Petitioner was notified that in order to have his case reopened he was required to either pay the filing fee or submit an application to proceed in forma pauperis and file a First Amended Petition which cured the pleading defects on or before July 2, 2010. (Id.)

   On May 20, 2010, Petitioner filed a First Amended petition along with an application to proceed in forma pauperis. (Doc. Nos. 3-4.) By Order dated June 2, 2010, this Court granted the application to proceed in forma pauperis, and dismissed the First Amended Petition because

Petitioner again failed to allege exhaustion of state judicial remedies. Petitioner was notified that he would be allowed a final opportunity to amend in order to cure this pleading defect no later than July 2. On July 6, 2010, Petitioner filed a Second Amended Petition.

**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Id. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." Id. at 366 (emphasis added).

As with his previous Petitions, nowhere in the Second Amended Petition does Petitioner allege that he raised his claims in the California Supreme Court. Rather, Petitioner indicates that he has not presented claims one through four to the state supreme court. (See Pet. at 6-9.) Petitioner was informed in the Court's previous Orders of dismissal that if he has raised his claims in the California Supreme Court he must so specify because the burden of proving that a claim has been exhausted lies with Petitioner. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here,

it appears plain from the Second Amended Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## CONCLUSION AND ORDER

Petitioner was advised in the preceding dismissal Order that if he filed a Second Amended Petition which failed to cure the deficiencies in his petition, he would be given no further opportunities to amend the present case, but would have to begin again by filing a new federal habeas petition which will be given a new civil case number. For all the foregoing reasons, the Court **DISMISSES** this case without prejudice and without leave to amend.

**IT IS SO ORDERED.**

DATED: July 19, 2010

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge